IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| CAMERON BROCKINGTON, | * |
| Plaintiff, | * |
| v. | * |
| RANDY RIGDON, in his Individual Capacity as Sheriff of the Wheeler County Sheriff's Office; JEFFREY DEAL, in his Individual Capacity as an Officer with the Oconee Drug Task Force; JORDAN PEAVY, in his Individual Capacity as an Officer with the Oconee Drug Task Force; MURRAY WILLIAMS, in his Individual Capacity as an Officer with the Oconee Drug Task Force; CURTIS HAY, in his Individual Capacity as a Deputy with the Wheeler County Sheriff's Office; and LEE SMITH, in his Individual Capacity as a Deputy with the Wheeler County Sheriff's Office, | * CV 322-014 |
| Defendants. | * |

**O R D E R**

This case arises out of an incident that occurred on March 12, 2018 in Wheeler County, Georgia between Plaintiff Cameron Brockington, then a minor, and the named law enforcement officers. Generally, Plaintiff claims he was illegally stopped and arrested, beaten, denied adequate medical treatment, and ultimately falsely charged and prosecuted.

Defendant Lee Smith has filed a motion for judgment on the pleadings with respect to all claims against him. Defendants Randy Rigdon and Curtis Hay have filed separate motions for partial judgment on the pleadings as to certain counts in the Complaint. These matters have been fully briefed and are ripe for consideration.

## I. THE COMPLAINT

The following facts as alleged in the Complaint are taken as true, and the allegations are construed in the light most favorable to Plaintiff. See Hart v. Hodges, 587 F.3d 1288, 1290 n.1 (11th Cir. 2009).

Between the hours of 9:00 p.m. and 10:00 p.m. on March 12, 2018, Plaintiff, who was 16 years old at the time, was carrying a backpack and walking northbound on the southbound shoulder of Highway 19. (Compl. ¶¶ 9-10.) Defendant Rigdon, the Sheriff of Wheeler County, stopped Plaintiff by activating his blue lights in an unmarked car and pulling over in front of him. (Id. ¶ 12.) When Plaintiff refused to give Defendant Rigdon his name, Defendant Rigdon told Plaintiff to stand in front of his patrol vehicle while he called for another patrol vehicle. (Id. ¶ 13.) Plaintiff did not do as instructed, but instead walked away. (Id. ¶¶ 15, 16.) Defendant Rigdon followed Plaintiff in his vehicle and again exited the vehicle to encounter Plaintiff. (Id. ¶ 17.) Defendant Rigdon

2

tried to pat down Plaintiff and felt an object inside of the pocket of Plaintiff's hoodie.[1] (Id. ¶ 18.) Defendant Rigdon attempted to grab Plaintiff's wrist and place him in handcuffs. In attempting to restrain him, Defendant Rigdon placed Plaintiff in a bear hug from behind. (Id. ¶ 20.) Shortly thereafter, Defendants Jeffrey Deal, Jordan Peavy, and Murray Williams, all officers with the Oconee Drug Task Force, arrived in an unmarked pickup truck wearing plain clothes. (Id. ¶ 21.) Defendants Deal, Peavy and Williams beat and assaulted Plaintiff while attempting to place him in handcuffs and continued to beat and assault him after he was handcuffed. (Id. ¶ 22.) Defendant Rigdon stood by watching the assault of Plaintiff. (Id. ¶ 23.) The alleged beating and assault included punches to Plaintiff's face and head, knees to his side, grabbing of his hair, slamming him to the ground, and threats of the use of a taser. (Id. ¶¶ 24, 27.) Plaintiff alleges that he never resisted or attempted to evade arrest in any manner, nor did he ever pose any threat to the safety of the officers. (Id. ¶ 28.)

Plaintiff received a scalp laceration to the left back of his head and a laceration above his left eye. (Id. ¶ 33.) He was evaluated by two members of the Wheeler County EMS, who determined that he did not require transport to the hospital. (Id. ¶¶ 36,

---

[1] The object was later identified as a cell phone. No weapons were found on Plaintiff. (Compl. ¶ 19.)

3

37.) Instead, Defendant Curtis Hay, a deputy with the Wheeler County Sheriff's Office, transported Plaintiff in his patrol vehicle to the Sheriff's Office and interviewed him there. (Id. ¶¶ 38, 39.) After the interview, Defendant Lee Smith, also a deputy with the Wheeler County Sheriff's Office, transported Plaintiff to the Eastman Regional Youth Detention Center ("ERYDC"). (Id. ¶ 39.) Personnel of the ERYDC observed that Plaintiff's "left eye was swollen shut and bleeding excessively" and refused to accept Plaintiff until he was medically cleared. (Id. ¶¶ 40, 41.) When Defendant Smith refused to take Plaintiff to the hospital, the ERYDC called non-emergency 911. (Id. ¶¶ 42, 43.) Dodge County EMTs responded to the call, evaluated Plaintiff, and determined that he may need staples or sutures for his head and that his left eye may be fractured. (Id. ¶ 44.) The Dodge County EMTs recommended transporting Plaintiff to the hospital for further evaluation. (Id. ¶ 45.) Upon hearing this recommendation, Defendant Smith stated that the Wheeler County Sheriff's Office was no longer detaining Plaintiff. (Id. ¶ 46.) Ultimately, Defendant Smith took Plaintiff to the home of his grandmother. (Id. ¶ 49.)

The next day, on March 13th, Plaintiff's grandmother took him to the Meadows Regional Medical Center where he received treatment for a scalp laceration, eyebrow laceration, and an orbital contusion. (Id. ¶ 50.)

A few days later, Defendant Hay submitted a Juvenile Complaint Report charging Plaintiff with four counts of felony obstruction of an officer, possession of less than an ounce of marijuana, possession of drug related objects, and underage possession of alcohol.[2] (Id. ¶ 51.) As a result of the Report, Plaintiff was prosecuted; however, the juvenile court found that Defendant Rigdon's investigatory stop of Plaintiff had not been supported by reasonable suspicion and granted a motion to suppress. (Id. ¶¶ 55-57.) This determination was affirmed by the Georgia Court of Appeals. (Id. ¶ 57.)

In his Complaint, Plaintiff has asserted claims pursuant to 42 U.S.C. § 1983 for false arrest, malicious prosecution, excessive force, and deliberate indifference to serious medical needs. He also asserted state law claims of false imprisonment, malicious prosecution, assault, battery, and intentional infliction of emotional distress.

Defendant Smith, who transported Plaintiff from the Wheeler County Sheriff's Office to the ERYDC and then released him home to his grandmother, has moved for judgment on the pleadings on all claims asserted against him. The claims asserted against him are

---

[2] The Report asserted that Defendants Deal, Peavy, and Williams "observed [Officer] Rigdon fighting with a black male and stopped to assist . . . [by attempting] to place the subject in handcuffs . . . and [using] several handed striking techniques in order to get the subject to comply with lawful commands." (Compl. ¶ 52.)

5

the federal claim of deliberate indifference to serious medical needs and the state law claims of false imprisonment, assault, battery and intentional infliction of emotional distress (which was brought against "All Defendants"). Plaintiff concedes in brief that he has alleged no facts to support a claim of assault and battery against Defendant Smith and therefore these claims may be dismissed. (Pl.'s Br. in Opp'n, Doc. No. 34, at 12.)

Defendant Hay, who initially transported Plaintiff to the Wheeler County Sheriff's Office and then created the Juvenile Complaint Report, has moved for partial judgment on the pleadings on the federal deliberate indifference claim and the state law claims of false imprisonment, assault, battery, and intentional infliction of emotional distress. Again, Plaintiff concedes in brief that he has alleged no facts to support the claims of assault and battery against Defendant Hay, and therefore these claims may be dismissed. (Pl.'s Br. in Opp'n, Doc. No. 34, at 12.)

Finally, Defendant Rigdon has moved for partial judgment on the pleadings on the federal deliberate indifference claim and all state law claims.

## II.  LEGAL STANDARD

"After the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is proper when

6

no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts." Cunningham v. Dist. Att'y's Off. for Escambia Cnty., 592 F.3d 1237, 1255 (11th Cir. 2010) (citation omitted).

The legal standards applicable to Rule 12(c) motions for judgment on the pleadings and Rule 12(b)(6) motions to dismiss are the same. Carbone v. Cable News Network, Inc., 910 F.3d 1345, 1350 (11th Cir. 2018). That is, pursuant to the Twombly/Iqbal paradigm, a claim will be dismissed if it fails to "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To be plausible, the complaint must contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct." Id. at 679; GeorgiaCarry.Org, Inc. v. Georgia, 687 F.3d 1244, 1254 (11th Cir. 2012) (stating that a plaintiff must necessarily "include factual allegations for each essential element of his or her claim"). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 566 U.S. at 678-79. Also, while the facts alleged in the complaint are accepted as true, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 268 (1986).

## III. ANALYSIS

### A. Deliberate Indifference to Serious Medical Needs Claim (Count 3)

In Count 3 of the Complaint, Plaintiff alleges that all Defendants acted with deliberate indifference to his serious medical needs arising from his arrest and assault, in violation of his Fourteenth Amendment rights as a pretrial detainee. He first asserts that the care provided by the EMS on the scene was not adequate to address his injuries. (Compl. ¶ 81.) Defendants Rigdon and Hay were on the scene at that time; Defendant Smith was not. Plaintiff also asserts that his serious medical need was evident when Defendant Smith transported him to the ERYDC, at which time the laceration above his left eye was bleeding excessively and would not stop. (Id. ¶¶ 33, 82.) When the ERYDC would not take Plaintiff without medical clearance, Defendant Smith refused to take him to the hospital. Instead, he informed the ERYDC that Plaintiff was no longer being detained and was going home.[3] (Id. ¶ 84.) Defendants Rigdon, Hay and Smith have moved for judgment on this count.

---

[3] This notice apparently came after Defendant Smith called Defendant Rigdon. (Compl. ¶ 84.) A reasonable inference may be drawn that Defendant Rigdon authorized or directed Plaintiff's release.

8

A claim for deliberate indifference to a serious medical need for a pretrial detainee falls under the due process clause of the Fourteenth Amendment. Danley v. Allen, 540 F.3d 1298, 1306 (11th Cir. 2008). However, the Eleventh Circuit has held that the minimum standard allowed under the due process clause is the same as that allowed by the Eighth Amendment for convicted persons.[4] Belcher v. City of Foley, Ala., 30 F.3d 1390, 1396 (11th Cir. 1994). A plaintiff must make three showings to state a claim of deliberate indifference to serious medical needs. Goebert v. Lee Cnty., 510 F.3d 1312, 1326 (11th Cir. 2007). First, the plaintiff must satisfy an objective component by showing a serious medical need. Id. Second, the plaintiff must satisfy a subjective component by showing that the defendant acted with "deliberate indifference" to that serious medical need. Id. Third, the plaintiff must show that the injury was caused by the defendant's wrongful conduct. Id. Thus, there is an objective component, a subjective component, and causation.

A serious medical need is one that is "'so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1307 (11th

---

[4] The Eleventh Circuit has not read the United States Supreme Court's decision in Kingsley v. Hendrickson, 576 U.S. 389 (2015), which changed the standard of proof for pretrial detainees with excessive force claims, to extend to deliberate indifference claims. See Dang by and through Dang v. Sheriff, Seminole Cnty., Fla., 871 F.3d 1272, 1279 n.2 (11th Cir. 2017).

9

Cir. 2009) (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994)). Alternatively, "a serious medical need is determined by whether a delay in treating the need worsens the condition." Id. (citing Hill, 40 F.3d at 1188-89). In either case, "'the medical need must be one that, if left unattended, poses a substantial risk of serious harm.'" Id. (quoting Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003)). "Deliberate indifference" requires "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) conduct that is more than mere negligence." Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004). As the United States Supreme Court has expressed, not every allegation of inadequate medical treatment states a constitutional violation. See Estelle v. Gamble, 429 U.S. 97, 105 (1976). So is the case here.

First, the factual allegations of the Complaint show that Plaintiff did not have a serious medical need when he was initially transported to the Sheriff's Office. Prior to transport, his condition was not treated as serious by the responding members of the Wheeler County EMS because they determined he did not require transport to the hospital.[5] Certainly then, the lay persons at the scene – i.e., Defendants Rigdon and Hay – cannot be expected

---

[5] While Plaintiff complains that the EMS's care was inadequate, the EMS personnel are not defendants, and Plaintiff does not allege that the named Defendants had supervisory liability for them.

10

to recognize the necessity of greater medical attention when he was cleared by the EMS. Moreover, Plaintiff does not allege facts sufficient to show that his injuries obviously required further medical treatment, or if left unattended, his injuries posed a substantial risk of serious harm. Thus, Plaintiff has failed to state a claim of deliberate indifference against Defendants Rigdon and Hay because he has not alleged an objectively serious medical need prior to transport to the Wheeler County Sheriff's Office.

Next, the factual allegations suggest that Plaintiff's condition had worsened while in the custody of Defendant Smith because at the ERYDC Plaintiff's "left eye was swollen shut and bleeding excessively." (See Compl. ¶ 40.) The Dodge County EMTs even determined that Plaintiff should be taken to the hospital for further evaluation. (Id. ¶ 45.) Yet, even assuming Plaintiff had an objectively serious medical need at this point during his detention,[6] he must still show that Defendant Smith was aware that a substantial risk of serious harm existed, that he affirmatively disregarded that risk, and demonstrated conduct amounting to more than gross negligence. This subjective component requires a plaintiff to demonstrate that the defendant "acted with an attitude

---

[6] Notably, there is no allegation that Plaintiff's lacerations, having been left unattended, posed a substantial risk of serious harm. See Bingham v. Thomas, 654 F.3d 1171, 1176 (11th Cir. 2011) (stating that a serious medical need must be one that, if left unattended, poses a substantial risk of serious harm).

11

of deliberate indifference . . . which is in turn defined as requiring two separate things: awareness of facts from which the inference could be drawn that a substantial risk of serious harm exists and drawing of the inference." Russ v. Valenza, 2021 WL 3177435, at *10 (M.D. Ga. Jul. 6, 2021) (cleaned up). Plaintiff alleges that Defendant Smith made the decision (whether influenced by a call from Defendant Rigdon or not) to take Plaintiff to his grandmother's house rather than the hospital. The issue is whether this fact may rise to the level of deliberate indifference. The Court concludes as a matter of law that it does not. Plaintiff does not allege that Defendant Smith knew there was a substantial risk of harm by releasing him and that he deliberately disregarded that risk. In fact, there is no allegation that Plaintiff actually suffered a substantial risk of harm. Moreover, once released, Plaintiff was free to seek medical help of his own accord and did so within the next day. "Medical treatment violates the Eighth Amendment only when it is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Brown v. Dyer, 2021 WL 4164690, at *6 (M.D. Ala. Jul. 23, 2021) (quoted source omitted and clean up). The factual allegations of Plaintiff's Complaint do not state a deliberate indifference claim that rises to this level; accordingly, the claim against Defendant Smith also fails.

Finally, and importantly, the factual allegations fail to show the necessary causation. Shortly after his release, Plaintiff was treated "for a scalp laceration, eyebrow laceration, and an orbital contusion," but there are no allegations that any failure to treat or delay in treatment of Plaintiff's injuries caused further injury or exacerbated his condition. Plaintiff's failure to allege any causal connection between his purported injuries and a failure to treat or a delay in treatment by *any* Defendant is fatal to his claim of deliberate indifference to serious medical needs. Accordingly, the claim (Count 3) must be dismissed.

**B.   State Law Claims**

Plaintiff has asserted state law claims of false imprisonment, assault, battery, and intentional infliction of emotional distress against all named Defendants. Defendants Rigdon, Hay and Smith seek judgment on the pleadings on these claims.[7]

1.   Official Immunity (Defendants Smith and Hay)

"[U]nder the Georgia Constitution, state officials are entitled to official immunity for their discretionary actions unless they acted with 'actual malice' or an 'actual intent to cause injury.'" Black v. Wigington, 811 F.3d 1259, 1265-66 (11th

---

[7] As stated previously, Plaintiff concedes that the factual allegations do not support an assault or battery claim against Defendants Smith and Hay.

13

Cir. 2016) (quoting Ga. Const. art. I, § 2, para. IX(d)). "Actual malice is a demanding standard." Id. at 1266. "Implied malice," "reckless disregard for the rights and safety of others," "frustration," "irritation," "anger," and "ill will" are all insufficient. Wilson v. Cromer, 847 S.E.2d 213, 217 (Ga. Ct. App. 2020); see also Jones v. Walsh, 711 F. App'x 504, 507 (11th Cir. 2017) (unreasonable conduct or recklessly illegal conduct does not support an inference of actual malice); Williams v. Fulton Cnty. Sch. Dist., 181 F. Supp. 3d 1089, 1145 (N.D. Ga. 2016) ("[A]ctual malice requires something more than deliberate indifference."). "[M]alice in this context means badness, a true desire to do something wrong." Peterson v. Baker, 504 F.3d 1331, 1339 (11th Cir. 2007). "Intent to injure" requires "an actual intent to cause harm to the plaintiff, not merely an intent to do the act purportedly resulting in the claimed injury." Kidd v. Coates, 518 S.E.2d 124, 125 (Ga. 1999).

A review of the Complaint demonstrates that he has not met the demanding standard of actual malice as it pertains to Defendants Smith and Hay. The facts alleged against Defendant Hay are that he transported Plaintiff from the site of the arrest to the Sheriff's Office after he was medically cleared by the Wheeler County EMS, interrogated him, and then released him to the custody of Defendant Smith. A few days later, Defendant Hay created the Juvenile Complaint Report upon which Plaintiff was ultimately

14

prosecuted. The facts alleged against Defendant Smith are that he transported Plaintiff to the ERYDC but released him to his grandmother's home once he learned that Plaintiff should be taken to the hospital for further evaluation of his injuries. Upon consideration of these allegations and upon review of the relevant case law,[8] the Court concludes that Plaintiff has failed to allege facts sufficient to render plausible his assertion that Defendants Smith and Hay acted with "actual malice." Plaintiff does not allege that either Defendant *intended* to cause any type of specific harm to him through their alleged failure to treat or delay in treatment of his head lacerations or through Defendant Hay's completion of a Judicial Complaint Report. There are no allegations that either of these Defendants participated in or were even aware of the alleged unlawful beating. In short, Plaintiff does not allege any real intent to do harm, and his pleading does not meet the exacting standard of actual malice. Importantly, the Eleventh Circuit has held that "a mere 'inference of malice is insufficient to overcome [an] immunity defense.'" Croland v. City of Atlanta, 782 F. App'x 753, 758 (11th Cir. 2019) (quoted sources omitted).

---

[8] Plaintiff has not cited any Georgia case the facts of which would suggest that the allegations against Defendants Smith and Hay demonstrate actual malice.

15

Accordingly, Plaintiff's state law claims of intentional tort against Defendants Smith and Hay are barred by official immunity because the totality of the circumstances, when viewed in the light most favorable to Plaintiff, renders a finding of actual malice or intent to injure wholly implausible. Thus, the state law claims against them must be dismissed.

2. <u>Defendant Rigdon</u>

Defendant Rigdon moves for judgment on the pleadings as to Plaintiff's state law claims only on the basis of official immunity. He did not move to dismiss the claims based upon a failure to state a claim upon which relief may be granted.

In consideration of whether the Complaint states sufficient facts to find actual malice, the Court observes that official immunity has been denied in police brutality cases such as <u>Ruble v. King</u>, 911 F. Supp. 1544, 1558 (N.D. Ga. 1995) (plaintiffs were beaten by four officers after they were disarmed, separated, shackled and put in strong cells), and <u>Hill v. City of Atlanta</u>, 2016 WL 11586947, at *12 (N.D. Ga. Mar. 29, 2016) ("Plaintiff was pushed, put in a chokehold, slammed to the ground, sprayed repeatedly with pepper spray, punched in the face, beaten multiple times in the head and chest with police batons, and repeatedly kicked."). In this case, Plaintiff has alleged that Defendant Rigdon stood by and allowed Plaintiff to be beaten by three police officers, a beating which continued after Plaintiff was

16

handcuffed. He also alleges that Defendant Rigdon retrieved a taser from his vehicle during the beating. A reasonable inference may be drawn from these facts that Defendant Rigdon intended the harm that befell Plaintiff. At least, the Court is unwilling to dismiss the intentional tort claims against Defendant Rigdon on official immunity grounds solely upon the pleadings.

## IV.  CONCLUSION

Upon the foregoing, Defendant Rigdon's motion for partial judgment on the pleadings (doc. no. 31) is **GRANTED IN PART**; the federal claim of deliberate indifference to serious medical needs against him in Count 3 is dismissed. Defendant Smith's motion for judgment on the pleadings (doc. no. 30) is **GRANTED**; the Clerk is directed to **ENTER FINAL JUDGMENT** in favor of Defendant Smith. Defendant Hay's motion for partial judgment on the pleadings (doc. no. 29) is **GRANTED IN PART**; the federal deliberate indifference claim against him in Count 3 and all state law claims against him are dismissed.

The § 1983 claim of deliberate indifference to serious medical needs in Count 3 is dismissed for failure to state a claim. The following claims remain in the case: Count 1 - the § 1983 claim for Fourth Amendment violations against Defendants Rigdon, Deal, Peavy, Williams and Hay; Count 2 - the § 1983 claim for failure to intervene against Defendant Rigdon; Count 4 - a state law claim

for malicious prosecution against Defendants Rigdon, Deal, Peavy and Williams; Count 5 – a state law claim for assault, battery and intentional infliction of emotional distress against Defendants Rigdon, Deal, Peavy and Williams; and Count 6 – a state law claim for false imprisonment against Defendants Rigdon, Deal, Peavy and Williams.  The parties are directed to eliminate Defendant Lee Smith's name from the case caption in all future filings.

**ORDER ENTERED** at Augusta, Georgia, this ___7th___ day of December, 2022.

_____
UNITED STATES DISTRICT JUDGE